FILED
2020 Sep-29 AM 10:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RHONDA DAVIS HARGETT,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 5:20-cv-00078-ACA |
| **SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

Plaintiff Rhonda Hargett appeals the decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

## I.   PROCEDURAL HISTORY

Ms. Hargett applied for a period of disability and disability insurance benefits, alleging that her disability began on October 22, 2015. (R. at 253, 274).[1] The Commissioner initially denied Ms. Hargett's claim (*id.* at 140–44), and Ms. Hargett requested a hearing before an Administrative Law Judge ("ALJ") (*id.* at 145). After

---

[1] Ms. Hargett originally alleged that her disability began on July 10, 2013, but she later amended the alleged onset date. (R. 253, 274).

holding a hearing (r. at 34–58), the ALJ issued an unfavorable decision (*id.* at 14–33). The Appeals Council denied Ms. Hargett's request for review (*id.* at 1), making the Commissioner's decision final and ripe for the court's judicial review. *See* 42 U.S.C § 405(g).

## II. STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not

apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Ms. Hargett had not engaged in substantial gainful activity since her application date through her date last insured, December 31, 2018. (R. at 19). The ALJ found that Ms. Hargett's axonal neuropathy and obesity are severe impairments, but that her coronary artery disease, hypertension, lumbar radiculopathy, hearing loss, and depression are not severe impairments. (*Id.* at 20). The ALJ then concluded that through her date last insured, Ms. Hargett did not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.* at 22).

After considering the evidence of record, the ALJ determined that Ms. Ragsdale had the residual functional capacity to perform medium work with certain postural and

environmental limitations. (R. at 23). Based on this residual functional capacity and the testimony of a vocational expert, the ALJ found that Ms. Ragsdale is capable of performing her past relevant work as a respiratory therapy technician, registered nurse, and office nurse. (*Id.* at 25). Accordingly, the ALJ determined that Mr. Ragsdale has not been under a disability, as defined in the Social Security Act, between the time she completed her application and her date last insured. (*Id.*).

## IV.   DISCUSSION

Ms. Hargett argues that the court should reverse and remand the Commissioner's decision for three reasons: (1) the ALJ did not properly evaluate her subjective complaints of pain; (2) the ALJ did not properly evaluate the opinion of State Agency Medical Consultant Dr. Leslie Rodrigues; and (3) Vocational Medical Guideline 202.06 mandates a finding of disability. (Doc. 9). The court examines each issue in turn.

   1.   Subjective Complaints of Pain

Ms. Hargett's first argument is that the ALJ failed to properly evaluate her subjective complaints of pain in accordance with the Eleventh Circuit's pain standard. (Doc. 9 at 5–11, 14–17). The court disagrees.

Under Eleventh Circuit precedent, a claimant attempting to establish disability through testimony of pain or other subjective symptoms must show evidence of an underlying medical condition and either (1) "objective medical evidence that confirms the severity of the alleged pain arising from that condition" or (2) "that the objectively determined medical condition is of such a severity that it can be reasonably expected to

give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks omitted). "If a claimant testifies as to h[er] subjective complaints of disabling pain and other symptoms, . . . the ALJ must clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Id.* at 1210.

Ms. Hargett testified that she is unable to work because of lower back pain and numbness, tingling, and pain in her legs and feet. (R. 42). Ms. Hargett explained that standing for long periods of time aggravates her pain. (*Id.*). According to Ms. Hargett, she cannot drive long distances; cannot stand for more than 15 minutes; cannot walk more than 25 yards; and cannot lift or carry more than five pounds consistently. (R. 48). Ms. Hargett alleged that she "good days" and "bad days." (R. 47). Ms. Hargett testified she experiences 15 "bad days" a month, and on those days, she takes a bath and sleeps the entire day. (*Id.*). Ms. Hargett testified that she also experiences anxiety and depression, and she often loses her balance due to dizziness. (R. 48–49).

After reviewing Ms. Hargett's testimony, the ALJ found that Ms. Hargett's medically determinable impairments could reasonably be expected to cause her alleged symptoms. (R. 23). But the ALJ concluded that Ms. Hargett's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 23). In making this finding, the ALJ considered a number of medical examinations that "showed intact sensation in [Ms. Hargett's] bilateral lower extremities; ability to toe

5

and heel walk; no musculoskeletal deformity; intact range of motion; normal gait; and a grossly intact neurological examination." (R. 24) (citing R. 825, 837–38, 849–50, 869, 921, 924, 926).

The ALJ also noted that certain medical records showed periods "of less optimal findings, such as guarded range of motion; slightly decreased strength; decreased sensation bilaterally; tenderness to palpation over bilateral posterior tibial tendons and over peroneal tendon on left; and an ataxic gait." (R. 24) (citing R. 740, 825, 869, 876, 909). In addition, the ALJ considered an EMG nerve conduction study that was positive for motor and sensory axonal neuropathy bilaterally. (R. 24) (citing R. 909–10).

However, the ALJ explained that Ms. Hargett treated her impairments conservatively with medication and physical therapy. (R. 24) (citing R. 909, 912–20). And he considered Ms. Hargett's July 2017 consultative examination which was normal with the exception of a slow gait. (R. 24) (citing R. 837–38). The ALJ also concluded that Ms. Hargett's reported activities of daily living were inconsistent with her pain testimony. (R. 24).

Ms. Hargett attacks the ALJ's evaluation of her subjective complaints on two grounds. First, Ms. Hargett complains that she ALJ "relied on isolated notations in the record to support his determination" but "failed to properly consider the evidence which undermines his determination" that Ms. Hargett can perform medium work. (Doc. 9 at 8–9). Second, Ms. Hargett claims that the ALJ improperly relied on her activities of

6

daily living in rejecting her pain testimony. (Doc. 9 at 14–15). Neither argument is persuasive.

Contrary to Ms. Hargett's argument, the ALJ did not ignore medical evidence that supports her subjective complaints. Rather, the ALJ explicitly acknowledged that evidence but found that those records, when viewed in light of other benign examination findings and conservative treatment, did not prove that Ms. Hargett was as limited as she alleged. (*See* R. 24). This court may not reweigh the evidence or substitute its judgment for the ALJ, even if the evidence preponderates against the ALJ's finding. *Winschel*, 631 F.3d at 1178; *Crawford,* 363 F.3d at 1158–59; *see also Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) ("The question is not . . . whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it.").

To the extent Ms. Hargett claims that the ALJ did not specifically reference other medical evidence in the record that she claims supports her allegations of pain (*see* doc. 9 at 9–11, 13), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision[] . . . is not a broad rejection which is not enough to enable [this court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (some alterations added). The ALJ's recitation of the medical evidence of record was thorough and accurate, and it sufficiently demonstrates that he considered Ms. Hargett's medical condition as a whole. (*See* R. at 23–24).

As for activities of daily living, the ALJ explained that Ms. Hargett's "reported activities do not suggest that [she] is limited as alleged." (R. 24). Specifically, the ALJ noted that Ms. Hargett helps with household chores like cleaning, dusting, cooking, loading the dishwasher, and folding clothes. (*Id.*; *see also* R. 836). The ALJ explained that Ms. Hargett is able to drive and go to the grocery store and church. (*Id.*). The ALJ also found that Ms. Hargett independently cares for her personal needs, including bathing, dressing, and eating, and she helps raise her teenage granddaughter. (R. 24, 39–40, 836).

Ms. Hargett contends that the ALJ's recitation of her daily activities is misleading because he did not acknowledge that she drives only twice a week to the high school two miles from her house to pick up her granddaughter; that she must stop and rest one to two times while shopping at the grocery stores; or that she does only light housework. (Doc. 9 at 15). Ms. Hargett argues that Eleventh Circuit caselaw prohibits an ALJ from denying a claim based on participation in everyday activities of short duration. (*Id.* at 14) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) ("Nor do we believe that participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability or is inconsistent with the limitations recommended by [the claimant]'s treating physicians.")).

Although an ALJ may not rely on a claimant's daily activities alone, an ALJ may consider a claimant's daily activities in evaluating subjective pain testimony. *See Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987); *see also* 20 C.F.R. §

8

404.1529(c)(3) (listing daily activities as a factor to consider in evaluating a claimant's credibility). And contrary to Ms. Hargett's contention, the ALJ did not deny her claim based solely on her participating in everyday activities; he properly examined Ms. Hargett's activities in conjunction with other objective medical evidence and her treatment to relieve her symptoms.

Accordingly, substantial evidence supports the ALJ's evaluation of Ms. Hargett's subjective pain testimony and his application of the pain standard.

2. Opinion of State Agency Medical Consultant

Ms. Hargett's second argument is that the ALJ failed to properly consider the opinion of State Agency Medical Consultant Dr. Leslie Rodrigues. (Doc. 12 at 11–12).

Dr. Rodrigues opined that Ms. Hargett was not significantly limited or moderately limited in her understanding and memory, sustained concentration and persistence, social interaction, and adaption. (R. 101–103). Dr. Rodrigues' mental residual functional capacities assessment, along with a physical capacities evaluation completed by a different state agency physician, comprised part of the agency's initial determination that Ms. Hargett was disabled. (R. 88). But the agency's Office of Quality Review overturned the initial determination because "the medical evidence in [the] file supports denial." (*Id.*).

Likewise, the ALJ found that Dr. Rodrigues' opinion, like the other state agency opinions, was not persuasive because the opinion was "not generally consistent with or supported by the medical evidence of record." (R. 24). Specifically, the ALJ found

that the opinion was not consistent with Ms. Hargett's conservative treatment; her physical examination findings, and her performance during a July 2017 consultative examination. (*Id.* at 24–25) (citing R. 740, 822–25, 836–38, 845–54, 867–72, 903–32). Ms. Hargett claims that the ALJ relied on isolated notations in the record to support his evaluation of Dr. Rodrigues' opinion. (Doc. 9 at 12). But again, the court cannot reweigh the evidence or substitute its judgment for that of the ALJ when his decision to reject a medical opinion is supported by substantial evidence. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983) (an ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion").

    3.    Medical Vocational Guidelines

Ms. Hargett's final argument is that based on her age, education, and limitation to unskilled work at a light level of exertion, Medical Vocational Guideline 202.06 mandates a finding of disability. (Doc. 9 at 13–14). Ms. Hargett's argument is not persuasive.

The Medical Vocational Guidelines do not apply until step five of the sequential evaluation process. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(a) ("The following rules reflect the major functional and vocational patterns which are encountered in cases which cannot be evaluated on medical considerations alone, where an individual with a severe medically determinable physical or mental impairment(s) is not engaging in substantial gainful activity and the individual's impairment(s) prevents the performance of his or her vocationally relevant past work."). Here, the ALJ found

at step four of the sequential evaluation process that Ms. Hargett is able to perform her past relevant work. (R. 25). Accordingly, the ALJ did not err in failing to find Ms. Hargett disabled under Medical Vocational Guideline 202.06. *See Delmonte v. Comm'r of Soc. Sec. Admin.*, 585 Fed. Appx. 774, 776 (11th Cir. 2014) ("[The medical vocational] guidelines apply only if the administrative law judge determines that a claimant is incapable of performing his past relevant work at step four of the evaluation.").

In addition, even if the Medical Vocational Guidelines applied to Ms. Hargett's case, as explained above, substantial evidence supports the ALJ's residual functional capacity determination—meaning that Ms. Hargett is not limited to light work. Therefore, Medical Vocational Guideline 202.06 does not assist Ms. Hargett.

## III. CONCLUSION

Substantial evidence supports the ALJ's denial of Ms. Hargett's application for a period of disability and disability insurance benefits, and this court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this September 29, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE